**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ISRAEL BERNAL,**

                Plaintiff,

                                        **Case No. 06-C-8**

-vs-

**KEYBANK, N.A.,**

                Defendant.

---

## DECISION AND ORDER

The plaintiff, Israel Bernal ("Bernal"), alleges that the defendant, Keybank, N.A., accessed his credit report in order to send him a loan solicitation mailing in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Bernal moved for class certification pursuant to Fed. R. Civ. P. 23. Specifically, Bernal seeks to certify a class consisting of all persons with Wisconsin addresses to whom Keybank sent solicitations since November 20, 2004.[1] For the reasons that follow, Bernal's motion is granted.

Bernal alleges that the accessing of his consumer report without his consent or for any lawful reason is an FCRA violation because it did not meet any of the FCRA's enumerated exceptions. *See* 15 U.S.C. § 1681b. Bernal alleges that the violation was willful and seeks statutory damages pursuant to 15 U.S.C. § 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable

---

[1] The solicitation is attached as Exhibit A to the Declaration of Jason Altman, Docket No. 17.

to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000").

Rule 23 provides that class certification is appropriate when the party seeking certification establishes numerosity, commonality, typicality, and adequacy of representation. *See Rosario v. Livaditis*, 963 F.2d 1013, 1016 (7th Cir. 1992). In addition, at least one of the elements set forth in Rule 23(b) must be satisfied. Here, plaintiff argues that a class action is superior to other available methods of resolution pursuant to Rule 23(b)(3).

**I.   Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Although the exact number and identities of the proposed class members is currently unknown, a class action may proceed "upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 325 (E.D.N.Y. 1982). It is reasonable to assume that the solicitation mailing Bernal received was part of a mass mailing campaign, likely sent to hundreds if not thousands of individuals in Wisconsin. *See, e.g., Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983) (court may make "common sense assumptions in order to find support for numerosity"). In any event, Keybank concedes numerosity and estimates that the potential class is around 100,000 people. Accordingly, the Court finds that the proposed class is so numerous that joinder would be impracticable.

## II. Commonality

Rule 23(a)(2) requires that there be common questions of law or fact. In the instant case, a common question of law or fact is presented by the issue of whether the defendant's accessing of the class members' consumer reports violates the FCRA because there was no "firm offer of credit."

Under 15 U.S.C. § 1681b(c), a credit or insurance provider can obtain a consumer's credit information without the consumer's permission only if the provider is making a firm offer of credit. A "firm offer of credit" is defined by the FCRA as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . ." 15 U.S.C. § 1681a(l). "The statutory scheme of the FCRA makes clear that a 'firm offer' must have sufficient value for the consumer to justify the absence of the statutory protection of his privacy." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726 (7th Cir. 2004).

Keybank argues that this issue is inappropriate for class resolution because an individualized inquiry is required to determine whether a firm offer of credit was extended to each and every proposed class member. Keybank's argument dances around and ultimately ignores the controlling Seventh Circuit precedent on this issue. A "consumer-by-consumer evaluation" is *not* required to determine whether Keybank extended a firm offer of credit pursuant to the statutory definition. Rather, an offer has value to the consumer if it is "useful to the *normal* consumer. . . . That depends on the terms of the offer, not on

-3-

recipients' idiosyncratic circumstances." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006) (emphasis in original) (citing *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004)).

Therefore, the resolution of this issue presents questions of law or fact that are common to all members of the purported class. "To decide whether [the defendant] has adhered to the statute, a court need only determine whether the four corners of the offer satisfy the statutory definition [of a firm offer of credit], and whether the terms are honored when consumers accept. These questions readily may be resolved for a class as a whole." *GMAC Mortgage*, 434 F.3d at 956.

### III. Typicality

A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). The issues presented by the complaint are typical of the purported class as required by Rule 23(a)(3).

### IV. Adequacy of Representation

Rule 23(a)(4) provides that the representative parties must "fairly and adequately protect the interests of the class." To meet this requirement, plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation, and plaintiff must not have interests antagonistic to the class. *See Rosario*, 963 F.2d at 1018.

Furthermore, a class must have a "conscientious representative plaintiff," *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991), who "understand[s] the basic facts underlying his claims." *In re Discovery Zone Sec. Litig.*, 169 F.R.D. 104, 109 (N.D. Ill. 1996). "General knowledge and participation in discovery are sufficient to meet this standard." *Id*. (citations omitted). "[I]n demonstrating a class representative's adequacy, the burden is not a heavy one." *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998) (citation omitted.)

The Court is familiar with plaintiff's attorneys, Ademi & O'Reilly, who have litigated and are in the process of litigating several FCRA actions in this Court. Counsel further represents that it has litigated several FCRA cases in federal court as class counsel. The Court finds that Ademi & O'Reilly are experienced and qualified to serve as class counsel in this matter.

Keybank argues that Bernal is an inadequate representative because his claim is "arguably" owned by the bankruptcy trustee pursuant to Bernal's bankruptcy proceeding. However, Bernal filed his bankruptcy petition on March 8, 2005, while the instant complaint is based on a mailer received three months later – post-petition – in July 2005. *See* 11 U.S.C. § 541(a)(1) (post-petition claims not property of bankruptcy estate); *In re Holstein*, 321 B.R. 229, 235 (Bankr. N.D. Ill. 2005) (a cause of action that accrues post-petition "is the debtor's to pursue for his own benefit"). Apparently, Bernal received two mailers prior to filing his bankruptcy petition, but Bernal's complaint is based solely on the July 2005 mailer. (*See*

-5-

Complaint, Docket No. 1, Exhibit A). Accordingly, Bernal's bankruptcy proceeding is irrelevant and does not render Bernal an inadequate class representative.

Keybank also argues that Bernal is an inadequate representative because he did not review the complaint before it was filed. However, Bernal swears under oath that he "received a solicitation for a mortgage loan from the defendant via U.S. Mail as represented in the complaint filed in this case" and that he "has elected to represent the other persons who received the mailer solicitation as best he can." (Docket No. 17-4, Bernal Declaration, Exhibit C). Bernal further states that he will testify at a deposition[2] or trial if necessary, is familiar with the qualifications of his attorneys, and is unaware of any conflicts or disputes he may have with other class members. (*Id.*) He also consulted with counsel and responded to the two separate discovery requests issued by the defendant. (Docket No. 28, Declaration of Richard Lilly, Exhibit A). Therefore, Bernal is committed to prosecuting this action to the best of his abilities.

Finally, Keybank argues that Bernal is inadequate because he does not understand the distinction between "soft" and "hard" inquiries on his credit report. However, this does not change the Court's conclusion that Bernal is "conscientious" and "understands the basic facts underlying his claims." *See, e.g., Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, 677 (N.D. Ill. 1989) (high standard is "particularly inappropriate . . . in a case like this, since [plaintiff] argues that [defendant] targeted these consumers partly *because* they were

---

[2] Bernal already appeared for one deposition, further demonstrating his commitment to this action.

-6-

unsophisticated." (emphasis in original). Bernal is not required to understand the intricacies of credit transactions in order to be an adequate class representative.

## V. Superiority

Plaintiff proceeds under Rule 23(b)(3), which provides that for a class to be certified, the Court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Keybank argues that a class action is not superior to individual suits because due process concerns are implicated by aggregating small statutory damages awards, which could result in an award that does not bear any relation to the actual harm suffered by the purported class members. *See, e.g., Ratner v. Chem. Bank*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972) (denying certification because of the "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class").

This argument was considered and rejected by the Seventh Circuit in *GMAC Mortgage*, which certified a FCRA class in similar circumstances. "An award that would be unconstitutionally excessive may be reduced, but constitutional limits are best applied *after a class has been certified*. . . . Reducing recoveries by forcing everyone to litigate independently – so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims – has little to recommend it." *GMAC Mortgage*, 434 F.3d at 954 (emphasis added) (internal citations omitted).

Keybank's argument boils down to the dubious proposition that it should not be held accountable for its actions because it broke the law too many times against too many people. "The reason that damages can be substantial, however, does not lie in an 'abuse' of Rule 23;

-7-

it lies in the legislative decision to authorize awards as high as $1,000 per person, combined with GMACM's decision to obtain the credit scores of more than a million persons." *GMAC Mortgage*, 434 F.3d at 953 (internal citations omitted). Accordingly, pursuant to *GMAC Mortgage*, binding precedent which the Court is obliged to follow, a class action is the superior method of adjudication.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Bernal's motion to certify this matter as a class action [Docket No. 16] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**